■ BRYETTE ARISTIZABAL et al., Appellants, et al., Plaintiffs, v OSWALDO ARISTIZABAL et al., Respondents. [829 NYS2d 701]—

In an action to recover damages for personal injuries, etc., the infant plaintiff Bryette Aristizabal, by her mother and natural

guardian, Maria Aristizabal, and Maria Aristizabal, individually, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Levine, J.), dated July 27, 2005, as granted that branch of the cross motion of the defendant Thomas A. Loehner which was for summary judgment dismissing the complaint insofar as asserted on their behalf against him, and (2) so much of a judgment of the same court entered September 27, 2005, as, upon the order, dismissed the complaint insofar as asserted on their behalf against the defendant Thomas A. Loehner.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Thomas A. Loehner.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant Thomas A. Loehner demonstrated his entitlement to judgment as a matter of law by establishing that Oswaldo Aristizabal, who operated the vehicle in which the infant plaintiff traveled, violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of Loehner's vehicle, as Loehner legally proceeded with the right of way (*see Berner v Koegel,* 31 AD3d 591, 592 [2006]; *Rieman v Smith,* 302 AD2d 510 [2003]; *Russo v Scibetti,* 298 AD2d 514 [2002]). Loehner was thus entitled to anticipate that Oswaldo Aristizabal would obey the traffic laws which required him to yield (*see Russo v Scibetti, supra* at 514).

In opposition, the appellants failed to raise a triable issue of fact as to whether Loehner negligently operated his vehicle (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]). Accordingly, the Supreme Court properly granted that branch of Loehner's cross motion which was for summary judgment dismissing the complaint insofar as asserted on behalf of the appellants against him. Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.