■ Sara Palomo, Respondent, v Michael J. Pozzi, Appellant. [869 NYS2d 153]—

The parties were involved in an automobile accident at the intersection of Suffolk Avenue and Peters Boulevard in Islip. The plaintiff was traveling in the westbound lane of Suffolk Avenue and intended to make a left turn onto Peters Boulevard. The defendant was traveling straight in the eastbound lane of Suffolk Avenue. The plaintiff alleged that she attempted to make the left-hand turn when the defendant's vehicle was about three car lengths away from the intersection. The plaintiff did not know the rate of speed at which the defendant's vehicle was traveling. The defendant stated that he was traveling at the rate of speed of about 30 miles per hour, and that the plaintiff attempted to make the left turn when he was about 1½ vehicle lengths from the intersection. The defendant moved for summary judgment dismissing the complaint contending that the plaintiff's violation of the Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. The Supreme Court denied the motion. We reverse.

The defendant demonstrated his prima facie entitlement to judgment as a matter of law by establishing that the plaintiff violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of the defendant's vehicle as the defendant's vehicle was legally proceeding into the intersection with the right-of-way (see Spivak v Erickson, 40 AD3d 962, 963 [2007]; Aristizabal v Aristizabal, 37 AD3d 503, 504 [2007]; Berner v Koegel, 31 AD3d 591, 592 [2006]; Carabella v Saad, 29 AD3d 618, 619 [2006]). The defendant was entitled to anticipate that the plaintiff would obey the traffic laws which required her to yield (see Aristizabal v Aristizabal, 37 AD3d at 504; Jacino v Sugerman, 10 AD3d 593, 595 [2004]).

In opposition, the plaintiff failed to raise a triable issue of fact

(see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.