■ YVONNE KANN, Appellant, v MAGGIES PARATRANSIT CORP. et al., Defendants, and ANN F. LAMBERSON, Respondent. (And a Third-Party Action.) [882 NYS2d 129]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated March 7, 2008, as granted that branch of the motion of the defendant Ann F. Lamberson which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when the minibus in which she was a passenger collided with a vehicle owned and operated by the defendant Ann F. Lamberson. As a result, the plaintiff commenced this action against Lamberson, the minibus driver, and his employer, who was the owner of the minibus. Lamberson then commenced a third-party action against the driver of the minibus, the minibus owner, and the New York City Transit Authority. Thereafter, Lamberson moved for summary judgment contending, inter alia, that the alleged negligence of the minibus driver was the sole proximate cause of the accident. The Supreme Court granted the motion on that ground. We affirm.

Lamberson established her prima facie entitlement to judgment as a matter of law, by providing evidence that she entered the intersection with the right-of-way, and that the minibus driver violated Vehicle and Traffic Law § 1141 when he made a left turn into the path of her vehicle without yielding the right-of-way (see Palomo v Pozzi, 57 AD3d 498 [2008]; Spivak v Erickson, 40 AD3d 962, 963 [2007]; Carabella v Saad, 29 AD3d 618, 619 [2006]; Moreback v Mesquita, 17 AD3d 420, 421 [2005]; Torro v Schiller, 8 AD3d 364, 364-365 [2004]; Rieman v Smith, 302 AD2d 510 [2003]). As the driver with the right-of-way, Lamberson was entitled to anticipate that the driver of the minibus would obey the traffic laws which required the minibus to yield (see Palomo v Pozzi, 57 AD3d at 498; Spivak v Erickson, 40 AD3d at 962; Aristizabal v Aristizabal, 37 AD3d 503, 504 [2007]; Moreback v Mesquita, 17 AD3d at 421; Jacino v Sugerman, 10 AD3d 593, 595 [2004]).

In opposition, the plaintiff's contention that Lamberson's speed, described by the minibus driver as approximately 35 to 40 miles per hour, was unreasonable, is wholly conclusory and fails on this record to raise a triable issue of fact (see McCain v

*Larosa,* 41 AD3d 792, 793 [2007]; *Rieman v Smith,* 302 AD2d 510, 510-511 [2003]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.