■ CHRISTOPHER G. DUCIE et al., Respondents, v CHRISTINE K. IPPOLITO, Appellant. [944 NYS2d 275]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered June 22, 2011, as granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs Christopher G. Ducie and his wife, suing derivatively, demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability by establishing that the sole proximate cause of the subject accident was the defendant Christine E. Ippolito's violation of Vehicle and Traffic Law § 1141 in making a left turn when it was not reasonably safe to do so, directly into the path of Ducie's oncoming motorcycle which was lawfully present in the intersection (*see Loch v Garber*, 69 AD3d 814, 815 [2010]; *Palomo v Pozzi*, 57 AD3d 498 [2008]; *Spivak v Erickson*, 40 AD3d 962, 963 [2007]). Since Ducie had the right-of-way, he was entitled to assume that Ippolito would obey the traffic laws requiring her to yield to his motorcycle (*see Almonte v Tobias*, 36 AD3d 636 [2007]; *Berner v Koegel*, 31 AD3d 591, 592 [2006]). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only

seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d 762, 764 [2009] [citations omitted]; *see Socci v Levy*, 90 AD3d 1020, 1021 [2011]; *Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]). Here, the plaintiffs established Ducie's freedom from comparative fault through his deposition testimony, which was consistent with Ippolito's deposition testimony. That testimony established that Ducie was already in the intersection when Ippolito began to make the turn in front of him, and Ducie immediately applied his brakes but was unable to avoid the collision.

In opposition, Ippolito's allegations that Ducie was traveling at an excessive rate of speed and could have avoided the accident did not raise a triable issue of fact as to comparative fault. These contentions were speculative and unsupported in light of Ducie's testimony that he was traveling about 15 to 20 miles per hour, and Ippolito's testimony that she was unable to estimate Ducie's rate of speed and did not see his motorcycle before she moved into his lane of travel (*see Socci v Levy*, 90 AD3d at 1021; *Loch v Garber*, 69 AD3d at 816; *Yelder v Walters*, 64 AD3d at 765). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.