■ Sylwia A. Krajniak, Respondent, v Jin Y Trading, Inc., et al., Appellants. [980 NYS2d 812]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated January 22, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on the issue of liability. The plaintiff established that the sole proximate cause of the subject accident was the defendant driver Yiu Chau Tang's violation of Vehicle and Traffic Law § 1141 in attempting to make a left turn when it was not reasonably safe to do so, directly into the rear driver's side door of the plaintiff's vehicle, which was lawfully present in the intersection and which the defendant driver admitted that he failed to see through the proper use of his senses (see e.g. Ducie v Ippolito, 95 AD3d 1067 [2012]; Loch v Garber, 69 AD3d 814, 816 [2010]; Lubitz v Village of Scarsdale, 31 AD3d 618, 619 [2006]; Berner v Koegel, 31 AD3d 591 [2006]). Notwithstanding the Supreme Court's suggestion to the contrary, the plaintiff established her freedom from comparative fault. The defendants failed to raise any triable issues of fact in opposition (see generally Ducie v Ippolito, 95 AD3d at 1068; Loch v Garber, 69 AD3d at 816; Carabella v Saad, 29 AD3d 618, 619 [2006]; White v Gooding, 21 AD3d 485 [2005]). Accordingly, the Supreme Court

properly granted the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Dickerson, Lott and Hinds-Radix, JJ., concur.