◼ Angela L. Foley et al., Appellants, v Robert Santucci et al., Respondents. [23 NYS3d 338]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), entered October 10, 2014, as denied that branch of their motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability is granted.

The plaintiff Angela L. Foley (hereinafter the injured plaintiff) allegedly was injured when her vehicle was in a collision with a vehicle owned by the defendant Robert Santucci and operated by the defendant Mary R. Santucci (hereinafter the defendant driver). The injured plaintiff, and her husband suing derivatively, commenced this action against the defendants and subsequently moved, inter alia, for summary judgment on the issue of liability.

The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, among other things, the affidavits of nonparty witnesses Peter Longo and Joseph Koller, which demonstrated that the sole proximate cause of the subject accident was the defendant driver's violation of Vehicle and Traffic Law § 1141 in making a left turn into the path of the injured plaintiff's oncoming

vehicle without yielding the right-of-way (*see Krajniak v Jin Y Trading, Inc.*, 114 AD3d 910 [2014]; *Ducie v Ippolito*, 95 AD3d 1067, 1067 [2012]; *Loch v Garber*, 69 AD3d 814, 815 [2010]; *Kann v Maggies Paratransit Corp.*, 63 AD3d 792, 793 [2009]; *Berner v Koegel*, 31 AD3d 591, 592-593 [2006]). As the driver with the right-of-way, the injured plaintiff was entitled to anticipate that the defendant driver would obey the traffic laws which required her to yield (*see Kann v Maggies Paratransit Corp.*, 63 AD3d at 793; *Palomo v Pozzi*, 57 AD3d 498, 498 [2008]). " 'Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision' " (*Ducie v Ippolito*, 95 AD3d at 1067-1068, quoting *Yelder v Walters*, 64 AD3d 762, 764 [2009]). Contrary to the Supreme Court's determination, the injured plaintiff established, prima facie, her freedom from comparative fault by showing that she had only seconds to react to the defendants' vehicle, which failed to yield.

In opposition, the defendants failed to raise a triable issue of fact as to whether any comparative negligence on the part of the injured plaintiff was a substantial factor in bringing about the accident. Whether the injured plaintiff may have been driving at a speed in excess of 5 or 10 miles per hour over the speed limit is inconsequential inasmuch as the defendants did not raise a triable issue as to whether the injured plaintiff could have avoided the accident even if she had been traveling at or below the posted speed limit (*see Heltz v Barratt*, 115 AD3d 1298, 1299 [2014], *affd* 24 NY3d 1185 [2014]; *Daniels v Rumsey*, 111 AD3d 1408, 1410 [2013]; *Stinehour v Kortright*, 157 AD2d 899 [1990]). Hall, J.P., Austin, Roman and Barros, JJ., concur.