■ MARGO ATTL, Appellant, v GLENDA R. SPETLER et al., Respondents. [28 NYS3d 699]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated September 17, 2015, which denied her motion, inter alia, for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion, inter alia, for summary judgment on the issue of liability is granted.

The plaintiff was driving her vehicle into an intersection with the traffic light in her favor when the defendants' vehicle, which was traveling in the opposite lane of traffic, made a left turn directly into the path of her vehicle. As a result of the impact, the plaintiff allegedly sustained personal injuries and commenced this action against the defendant. The plaintiff moved, inter alia, for summary judgment on the issue of liability. The Supreme Court denied the motion. We reverse.

Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard (*see Foley v Santucci*, 135 AD3d 813 [2016]; *Ildong Yeo v Spa Castle, Inc.*, 131 AD3d 1120, 1120-1121 [2015]). The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law (*see Ahern v Lanaia*, 85 AD3d 696 [2011]; *Kann v Maggies Paratransit Corp.*, 63 AD3d 792, 793 [2009]; *Moreno v Gomez*, 58 AD3d 611, 612 [2009]). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (*Yelder v Walters*, 64 AD3d 762, 764 [2009] [citations omitted]; *see Smith v Omanes*, 123 AD3d 691 [2014]; *Ducie v Ippolito*, 95 AD3d 1067, 1067-1068 [2012]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by establishing that the sole

proximate cause of the subject accident was the defendant driver's violation of Vehicle and Traffic Law § 1141 in making a left turn when it was not reasonably safe to do so, directly into the path of her oncoming vehicle (*see Foley v Santucci*, 135 AD3d at 813-814; *Krajniak v Jin Y Trading, Inc.*, 114 AD3d 910 [2014]; *Ducie v Ippolito*, 95 AD3d at 1068). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted the plaintiff's motion, inter alia, for summary judgment on the issue of liability. Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.