■ MEI-HUA GAO, Appellant, v VASILIKI MAKRINOS et al., Respondents. [45 NYS3d 805]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated April 6, 2016, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff allegedly was injured when his moped collided with a vehicle owned by the defendant Vasiliki Makrinos and operated by the defendant John S. Makrinos. The two vehicles were traveling in opposite directions, and the collision occurred as the defendant driver attempted to make a left turn at an intersection. The plaintiff commenced this action against the defendants, and he subsequently moved for summary judgment on the issue of liability. The Supreme Court denied the motion. We reverse.

The plaintiff established his entitlement to judgment as a matter of law by demonstrating, prima facie, that the defendant driver violated Vehicle and Traffic Law § 1141 when he suddenly made a left turn directly into the path of the moped operated by the plaintiff, who had no time to avoid the impact, when it was not reasonably safe to do so, and that this violation was the sole proximate cause of the accident (*see Foley v Santucci*, 135 AD3d 813, 813-814 [2016]; *Pyke v Bachan*, 123 AD3d 994 [2014]; *Ducie v Ippolito*, 95 AD3d 1067, 1067-1068 [2012]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have granted the

plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Miller, Hinds-Radix and Connolly, JJ., concur.