Lebron v Mensah (2018 NY Slip Op 03521)





Lebron v Mensah


2018 NY Slip Op 03521


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-04474
 (Index No. 7406/14)

[*1]Teddy Lebron, appellant, 
v
Adu-Tutu Mensah, et al., respondents.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (Joseph P. Stoduto and David M. Schwarz of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated March 31, 2017, which denied his motion for summary judgment on the issue of liability and, in effect, to dismiss the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and, in effect, to dismiss the defendants' affirmative defense alleging comparative negligence is granted.
On May 12, 2014, at the intersection of Fifth Avenue and Park Place in Brooklyn, the plaintiff allegedly was injured when the scooter he was operating came into contact with a yellow taxi operated by the defendant Adu-Tutu Mensah (hereinafter the defendant driver) and owned by the defendant Sinkeria, Inc.
On May 15, 2014, the plaintiff commenced this action to recover damages for personal injures. After discovery, the plaintiff moved for summary judgment on the issue of liability and, in effect, to dismiss the defendants' affirmative defense alleging comparative negligence. In support of the motion, the plaintiff submitted, inter alia, copies of the transcript of his deposition testimony, photographs of the accident scene, the affidavits of nonparty witnesses who either saw the collision or saw the accident scene immediately after the collision occurred, the police accident report, and the defendant driver's MV-104 accident report. According to the evidence submitted by the plaintiff, the accident occurred when the defendants' taxi, traveling in the opposite direction from the plaintiff's scooter, suddenly made a left turn directly into the path of the plaintiff's scooter. The defendant driver stated, in both the police accident report and in the MV-104 accident report, that at the time of the occurrence, he was attempting to make a left turn onto Park Place in the eastbound direction.
In opposition to the motion, the defendants submitted the transcript of the defendant driver's deposition and an affirmation from their attorney. In his deposition, the defendant driver stated that his taxi had not yet entered the intersection and had not begun to make the left turn when the taxi and the plaintiff's scooter came into contact with each other. He also stated that the taxi was facing straight, that no part of it was on or had crossed the double yellow line, and that no part of the plaintiff's scooter was on or had crossed the double yellow line when the contact occurred. The Supreme Court denied the motion, and the plaintiff appeals.
Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard (see Attl v Spetler, 137 AD3d 1176; Ducie v Ippolito, 95 AD3d 1067, 1067-1068; Ahern v Lanaia, 85 AD3d 696). A violation of this statute constitutes negligence per se (see Katikireddy v Espinal, 137 AD3d 866, 867; Vainer v DiSalvo, 79 AD3d 1023, 1024). The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law (see Attl v Spetler, 137 AD3d at 1176; Arias v Tiao, 123 AD3d 857, 858).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the defendant driver violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the plaintiff's scooter when it was not reasonably safe to do so, and that this violation was the sole proximate cause of the accident (see Mei-Hua Gao v Makrinos, 147 AD3d 747; Foley v Santucci, 135 AD3d 813, 813-814; Pyke v Bachan, 123 AD3d 994; Dulcie v Ippolito, 95 AD3d at 1067-1068). In opposition to the motion, the defendants failed to raise a triable issue of fact. The defendant driver testified at his deposition that, at the time of the occurrence, his taxi had not entered the intersection, was stopped, and was facing straight ahead. This testimony reflects a belated attempt to avoid the consequences of his earlier admissions in the police accident report and the MV-104 accident report that he was in the process of making a left turn, by raising a feigned issue of fact which was insufficient to defeat the motion (see Buchinger v Jazz Leasing Corp., 95 AD3d 1053, 1053). In particular, the MV-104 form, which was prepared and signed by the defendant, expressly stated that the defendant was proceeding to make a left turn onto eastbound Park Avenue when the collision occurred.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and, in effect, to dismiss the defendants' affirmative defense alleging comparative negligence.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court