Giannone v Urdahl (2018 NY Slip Op 07101)





Giannone v Urdahl


2018 NY Slip Op 07101


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-05199
 (Index No. 68782/14)

[*1]Adrienne Giannone, plaintiff-respondent, 
v
Jesse E. Urdahl, defendant-respondent, Robert T. Stewart, appellant, et al., defendant.


Picciano & Scahill, P.C., Westbury, NY (Francis J. Scahill and Andrea E. Ferrucci of counsel), for appellant.
David J. Sobel, P.C., Smithtown, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Robert T. Stewart appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated April 28, 2016. The order, insofar as appealed from, granted the motion of the defendant Jesse E. Urdahl for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Jesse E. Urdahl which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jesse E. Urdahl.
On July 12, 2014, at approximately 7:50 p.m., a four-vehicle accident occurred at the intersection of Harned Road and Veterans Memorial Highway in Smithtown. This four-way intersection was governed by traffic lights. The defendant Jesse E. Urdahl was driving westbound on Veterans Memorial Highway, intending to drive straight through the intersection. The defendant Robert T. Stewart was driving eastbound on Veterans Memorial Highway, intending to make a left turn and proceed north on Harned Road. When the traffic light governing the traffic on Veterans Memorial Highway changed from green to yellow, Stewart attempted to make his left turn. As Stewart attempted to make the turn, his vehicle collided with Urdahl's vehicle. After the impact, Urdahl's vehicle continued to move and collided with two vehicles, including the plaintiff's vehicle, which were stopped for a red traffic light in the southbound roadway of Harned Road.
The plaintiff allegedly sustained personal injuries, and commenced this action against Urdahl, Stewart, and others. Stewart asserted cross claims against Urdhal for common-law indemnification and/or contribution. Urdahl moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending that Stewart's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. The Supreme Court granted the motion. Stewart appeals.
Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to [*2]turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard (see Attl v Spetler, 137 AD3d 1176; Ducie v Ippolito, 95 AD3d 1067, 1067-1068; Ahern v Lanaia, 85 AD3d 696). A violation of this statute constitutes negligence per se (see Katikireddy v Espinal, 137 AD3d 866, 867; Vainer v DiSalvo, 79 AD3d 1023, 1024).
Here, Urdahl established, prima facie, that Stewart was negligent, as he violated Vehicle and Traffic Law § 1141 by making a left turn into the path of Urdahl's vehicle, which was nearing the intersection, without yielding the right-of-way to Urdahl when the turn could not be made with reasonable safety, and that Stewart's negligence was the sole proximate cause of the accident (see Shashaty v Gavitt, 158 AD3d 830, 831-832; Yelder v Walters, 64 AD3d 762, 764). As the operator of an oncoming vehicle with the right-of-way, Urdahl was entitled to assume that Stewart would obey the traffic law which required him to yield (see Shashaty v Gavitt, 158 AD3d at 831-832; Attl v Spetler, 137 AD3d at 1176; Yelder v Walters, 64 AD3d at 764). In opposition, Stewart failed to raise a triable issue of fact (see Ahern v Lanaia, 85 AD3d at 696).
Accordingly, we agree with the Supreme Court's determination to grant that branch of Urdahl's motion which was for summary judgment dismissing all cross claims insofar as asserted against him.
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court