Rohn v Aly (2018 NY Slip Op 08966)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Rohn v Aly

2018 NY Slip Op 08966

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-08467
(Index No. 502472/12)

[*1]Lee Rohn, et al., plaintiffs-respondents, 
vJehan M. Aly, et al., appellants, Richard C. Varela, et al., defendants-respondents.

Law Office of David S. Klausner PLLC, White Plains, NY (Evelyn Miller of counsel), for appellants.
Tolmage, Peskin, Harris & Falick, New York, NY (Stephan H. Peskin and Matthew C. Lombardi of counsel), for plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Jehan M. Aly, Khaled Elgohsry, and Carey International, Inc., appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 7, 2016. The order, insofar as appealed from, denied the motion of those defendants for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and granted that branch of the plaintiffs' cross motion which was for summary judgment against those defendants determining that the plaintiffs were not comparatively negligent in the happening of the accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants Jehan M. Aly, Khaled Elgohsry, and Carey International, Inc., payable by the plaintiffs, the motion of the defendants Jehan M. Aly, Khaled Elgohsry, and Carey International, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted, and that branch of the plaintiffs' cross motion which was for summary judgment against those defendants determining that the plaintiffs were not comparatively negligent in the happening of the accident is denied as academic.
The plaintiffs, Lee Rohn and Ryan Greene, were passengers in a for-hire vehicle that was driven by the defendant Jehan M. Aly, owned by the defendant Khaled Elgohsry, and contracted through the defendant Carey International, Inc. (hereinafter the Aly vehicle). The plaintiffs allegedly sustained personal injuries when the Aly vehicle collided with a vehicle operated by the defendant Richard C. Varela (hereinafter the Varela vehicle) at the intersection of Northern Boulevard and Steinway Street in Queens. At the time of the collision, the Varela vehicle was in the intersection making a left turn from Northern Boulevard onto Steinway Street, and the Aly vehicle was proceeding through the intersection from the opposite direction on Northern Boulevard.
The plaintiffs commenced this personal injury action against Aly, Elgohsry, and Carey International, Inc. (hereinafter collectively the moving defendants), as well as Varela and the owner of the Varela vehicle (hereinafter together the Varela defendants). The moving defendants interposed an answer which included, inter alia, an affirmative defense alleging that the plaintiffs were comparatively negligent. Following discovery, the moving defendants moved for summary [*2]judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiffs opposed the motion and cross-moved, inter alia, for summary judgment against the moving defendants determining that the plaintiffs were not comparatively negligent in the happening of the accident. The Supreme Court, among other things, denied the moving defendants' motion, and granted that branch of the plaintiffs' cross motion which was for summary judgment against the moving defendants determining that the plaintiffs were not comparatively negligent in the happening of the accident. The moving defendants appeal.
The moving defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them by submitting, among other things, the deposition transcripts of the parties, as well as video surveillance footage of the accident, which demonstrated that the sole proximate cause of the accident was Varela's violation of Vehicle and Traffic Law § 1141 in making a left turn into the path of the oncoming Aly vehicle without yielding the right-of-way (see Foley v Santucci, 135 AD3d 813, 813-814; Mazzullo v Loots, 116 AD3d 677, 678; Krajniak v Jin Y. Trading, Inc., 114 AD3d 910; Ducie v Ippolito, 95 AD3d 1067, 1067; Loch v Garber, 69 AD3d 814, 815). As the driver with the right-of-way, Aly was entitled to anticipate that Varela would obey the traffic laws which required him to yield (see Foley v Santucci, 135 AD3d at 814; Kann v Maggies Paratransit Corp., 63 AD3d 792, 793). " Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Ducie v Ippolito, 95 AD3d at 1067-1068, quoting Yelder v Walters, 64 AD3d 762, 764; see Foley v Santucci, 135 AD3d at 814). Here, the moving defendants established that Aly had only seconds to react to the Varela vehicle, which failed to yield.
In opposition, the plaintiffs and the Varela defendants failed to raise a triable issue of fact as to whether any negligence on the part of Aly was a substantial factor in the happening of the accident. Under the circumstances, the plaintiffs' respective deposition testimony that Aly was speeding is "inconsequential inasmuch as the [plaintiffs] did not raise a triable issue as to whether [Aly] could have avoided the accident even if she had been traveling at or below the posted speed limit" (Foley v Santucci, 135 AD3d at 814; see Heltz v Barratt, 115 AD3d 1298, 1299, affd 24 NY3d 1185; Daniels v Rumsey, 111 AD3d 1408, 1410).
In light of the foregoing, we need not reach the moving defendants' remaining contentions.
Accordingly, the Supreme Court should have granted the moving defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied, as academic, that branch of the plaintiffs' cross motion which was for summary judgment against the moving defendants determining that the plaintiffs were not comparatively negligent in the happening of the accident.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court