Goodluck v Azeez (2026 NY Slip Op 01342)

Goodluck v Azeez

2026 NY Slip Op 01342

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-06009
 (Index No. 520666/22)

[*1]Candice Goodluck, respondent, 
vLateez Azeez, appellant, et al., defendant.

Baker, McEvoy & Moskovitz (Marjorie E. Bornes, Freeport, NY, of counsel), for appellant.
Harris, Keenan, & Goldfarb PLLC, New York, NY (Daniel J. Neiger and Nicolette Laudi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Lateez Azeez appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated December 13, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against that defendant, and denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Lateez Azeez is denied, and the motion of the defendant Lateez Azeez for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him is granted.
The plaintiff allegedly sustained personal injuries on June 24, 2021, when a car driven by the defendant Lorraine Osborn, in which the plaintiff was a passenger, collided with a car driven by the defendant Lateez Azeez. During the collision, the front of Osborn's car impacted the driver's side door of Azeez's car. The plaintiff commenced this action to recover damages for personal injuries. Azeez thereafter moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. The plaintiff separately moved, inter alia, for summary judgment on the issue of liability against Azeez. In an order dated December 13, 2023, the Supreme Court, among other things, denied Azeez's motion and granted that branch of the plaintiff's motion. Azeez appeals.
"A '[d]efendant[ ] moving for summary judgment in a negligence action arising out of an automobile accident ha[s] the burden of establishing, prima facie, that [he or she was] not at fault in the happening of the accident, or that the alleged negligence of another person was the sole proximate cause [thereof]'" (Morante v Blaney, 234 AD3d 679, 680, quoting Woods v Burgos, 220 AD3d 688, 689). "[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Lylan Pham v Lee, 219 AD3d 601, 602 [internal quotation marks omitted]). "Pursuant to Vehicle and Traffic Law § 1141, the operator of a vehicle intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle which is within the intersection or so close to it as to constitute an immediate hazard," regardless of which vehicle entered the intersection first (Attl v Spetler, 137 AD3d 1176, 1176; see Shashaty v Gavitt, 158 AD3d [*2]830, 831-832). "'The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law'" (Sapienza v Harrison, 191 AD3d 1028, 1030, quoting Attl v Spetler, 137 AD3d at 1176; see Shashaty v Gavitt, 158 AD3d at 831). "'Although a driver with the right-of-way is entitled to anticipate that the other driver will obey the traffic laws requiring him or her to yield, a driver is bound to see what is there to be seen through the proper use of his or her senses and is negligent for failure to do so'" (Morante v Blaney, 234 AD3d at 680-681, quoting Hurst v Belomme, 142 AD3d 642, 642-643). "'[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Sapienza v Harrison, 191 AD3d at 1030, quoting Yelder v Walters, 64 AD3d 762, 764; see Morante v Blaney, 234 AD3d at 681).
Here, Azeez established, prima facie, that he was free from fault in the happening of the accident and that Osborn's conduct, which constituted negligence per se, was the sole proximate cause thereof (see Morante v Blaney, 234 AD3d at 681). In support of his motion, Azeez submitted, inter alia, transcripts of his deposition testimony and that of Osborn and the plaintiff. The testimony therein demonstrated that Azeez had the right-of-way, Osborn failed to yield the right-of-way, and Azeez did not have sufficient time to react in order to avoid the collision (see id.). Since he had the right-of-way, Azeez "'was entitled to anticipate that [Osborn] would obey the traffic laws which required her to yield'" (id., quoting Smith v Trail, 221 AD3d 928, 930). In opposition, the plaintiff failed to raise a triable issue of fact.
For similar reasons, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability against Azeez (see Quintero v Boyle, 221 AD3d 925, 926; Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; Anjum v Bailey, 123 AD3d 852, 852-853).
Accordingly, the Supreme Court should have granted Azeez's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Azeez.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court