■ Gerasimos Kakaroubas, Appellant, v Theofrastos Limberatos, Defendant, and Peter Golfinopoulos, Respondent. [894 NYS2d 523]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered January 8, 2009, as, upon a jury verdict, dismissed the complaint insofar as asserted against the defendant Peter Golfinopoulos.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In this two-car accident that occurred at the intersection of Crescent Street and 36th Avenue in Queens, the drivers of both cars, the defendants, Theofrastos Limberatos and Peter Golfinopoulos, each claimed that they had a green light when they entered the intersection and that they did not see the other car until the impact. At trial, the plaintiff, a passenger in the vehicle operated by Limberatos, testified that the Limberatos vehicle had the green light when it entered the intersection.

As pertinent to the appeal, at the charge conference, inter alia, the plaintiff requested that the court instruct the jury pursuant to PJI 2:79, which sets forth that even a driver with a green light must still use reasonable care in entering the intersection. The court denied the request, explaining that since New York City traffic rules and regulations governed, and such rules allow a driver with a green light to proceed without a duty to look for oncoming traffic, the Vehicle and Traffic Law, upon which the requested charge applies, was inapplicable.

The jury returned a verdict finding only Limberatos liable. The plaintiff and Limberatos then settled as to liability, for the sum of $100,000. Subsequently, a judgment was entered dismissing the complaint and the cross claims insofar as asserted against Golfinopoulos. The plaintiff appeals from so much of the judgment as dismissed the complaint insofar as asserted against Golfinopoulos. We affirm.

Contrary to the plaintiff's contention, the evidence adduced at trial did not warrant instructing the jury pursuant to PJI 2:79, which provides, in pertinent part, "a driver who has a green light must still use reasonable care under the circumstances. Thus, *if the driver saw or should have seen another vehicle in the intersection or so near the intersection that a collision was likely to occur, the driver was required to use reasonable care to avoid the collision*" (PJI 2:79 [emphasis added]).

Here, both defendants testified that they did not see the other's car enter the intersection prior to the impact, and indeed, never saw the other's car until the collision. Thus, the evidence at issue here did not give rise to a question of comparative negligence, i.e., whether either defendant entered the intersection with a green light despite seeing the other defendant's vehicle already in the intersection. Accordingly, the only issue at trial, with respect to liability, was which vehicle entered the intersection against the red light, a fact rendering the requested PJI 2:79 instruction unwarranted (*cf. Siegel v Sweeney*, 266 AD2d 200 [1999]; *Walker v Dartmouth Plan Leasing Corp.*, 180 AD2d 952 [1992]).

The plaintiff's remaining contentions do not require reversal. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.