Monroy v Lexington Operating Partners, LLC (2020 NY Slip Op 00584)





Monroy v Lexington Operating Partners, LLC


2020 NY Slip Op 00584


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-12280
 (Index No. 6773/12)

[*1]Guillermo Monroy, respondent, 
v
Lexington Operating Partners, LLC, et al., appellants (and a third-party action).


Gallo Vitucci Klar LLP, New York, NY (Jessica A. Clark and Kimberly A. Ricciardi of counsel), for appellants.
Fastman Law Group, P.C. (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated July 16, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 8, 2011, at approximately 7:30 p.m., the plaintiff, employed by third-party defendant Mulligan Security Corp., was working as a security guard in a building located at 450 Lexington Avenue, in Manhattan. At that time the building was allegedly owned and operated by the defendant Lexington Operating Partners, LLC (hereinafter Lexington). During his shift on the date of the subject accident, the plaintiff took the freight elevator to the sixth floor of the building, and immediately after exiting the freight elevator slipped and fell. At the time the plaintiff fell, the floor in that area was in the process of being stripped and waxed by employees of the defendant ABM Building Maintenance (hereinafter ABM), a contractor hired by Lexington.
The plaintiff commenced the instant action against Lexington and ABM to recover damages for personal injuries, alleging, among other things, that they were negligent in maintaining the premises and in creating a dangerous condition. After joinder of issue in the main action, the defendants moved for, among other things, summary judgment dismissing the amended complaint based upon surveillance videotape of the accident. The Supreme Court denied their motion, and the defendants appeal.
The surveillance videotape shows that an employee of ABM moved a warning sign from directly in front of the freight elevator to the right side of the freight elevator, and then proceeded to mop the floor directly in front of the freight elevator. The plaintiff then exited the freight elevator and slipped and fell to the ground. The plaintiff testified at his deposition that he did not hear any warning or see any warning sign before he slipped and fell. Viewing the evidence in the light most favorable to the plaintiff (see Bravo v Vargas, 113 AD3d 579), the defendants failed [*2]to establish their prima facie entitlement to judgment as a matter of law.
ABM failed to establish, prima facie, that it did not create the alleged hazardous condition (see Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754; Christian v 709 Brighton Beach, LLC, 167 AD3d 704, 705), and Lexington failed to establish, as a matter of law, that it could not be responsible for ABM's alleged negligence pursuant to its nondelegable duty to keep the premises safe (see Pesante v Vertical Indus. Dev. Corp., 29 NY3d 983; Horowitz v 763 E. Assoc., LLC, 125 AD3d 808, 810). Neither Lexington nor ABM established their prima facie entitlement to judgment as a matter of law on the question of whether they provided adequate warnings of the wet condition of the floor prior to the subject accident.
Further, contrary to their contentions, the defendants did not establish, prima facie, that the floor's wet condition, which consisted of freshly placed stripping solution, was open and obvious and not inherently dangerous (cf. Ramsey v Mt. Vernon Bd. of Educ., 32 AD3d 1007, 1008).
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying that branch of their motion which was for summary judgment dismissing the amended complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court