Generoso v Miller's Ale House, Inc. (2020 NY Slip Op 03897)





Generoso v Miller's Ale House, Inc.


2020 NY Slip Op 03897


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2019-03816
 (Index No. 100655/16)

[*1]Nicolo Generoso, respondent, 
v
Miller's Ale House, Inc., appellant, et al., defendants.


Malapero Prisco & Klauber LLP, New York, NY (Francis B. Mann, Jr., of counsel), for appellant.
Krentsel & Guzman LLP, New York, NY (Marcia K. Raicus of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Miller's Ale House, Inc., appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated February 8, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Miller's Ale House.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Miller's Ale House, Inc. (hereinafter Miller's Ale House), and others to recover damages for personal injuries that he allegedly sustained when he slipped and fell inside Miller's Ale House's restaurant. The defendants moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Miller's Ale House. Miller's Ale House appeals.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Sloane v Costco Wholesale Corp., 49 AD3d 522, 523 [internal quotation marks omitted]; see Knack v Red Lobster 286, N & D Rests., Inc., 98 AD3d 473). "Once a defendant has actual or constructive notice of a dangerous condition, the defendant has a reasonable time to undertake remedial actions that are reasonable and appropriate under all of the circumstances" (Friedman v Gannett Satellite Info. Network, 302 AD2d 491, 491-492; see Alami v 215 E. 68th St., L.P., 88 AD3d 924, 925).
Here, viewing the evidence in the light most favorable to the plaintiff, the defendants failed to establish, prima facie, that the accident was not the result of Miller's Ale House's failure to take appropriate remedial measures within a reasonable period of time after acquiring actual notice of a hazardous condition (see generally Scherer v Golub Corp., 101 AD3d 1286, 1287; Alami v 215 E. 68th St., L.P., 88 AD3d at 925; Stasiak v Sears, Roebuck & Co., 281 AD2d 533). The presence [*2]of a warning sign in the vicinity of the accident scene merely satisfied Miller's Ale House's duty to warn of a dangerous condition (see generally Cupo v Karfunkel, 1 AD3d 48). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Miller's Ale House.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court