Yerry v Whole Food Mkt. Group, Inc. (2022 NY Slip Op 05000)

Yerry v Whole Food Mkt. Group, Inc.

2022 NY Slip Op 05000

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-11392
 (Index No. 610791/17)

[*1]Judith Yerry, etc., appellant, 
v
Whole Food Market Group, Inc., etc., et al., respondents.

Victor A. Carr, Mineola, NY (Thomas J. Stock of counsel), for appellant.
Fishman McIntyre Levine Samansky, P.C., New York, NY (Mitchell B. Levine of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered September 26, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
Christopher Yerry (hereinafter Yerry) commenced this action against the defendants to recover damages for personal injuries he allegedly sustained when he slipped and fell on a puddle of liquid inside the defendants' supermarket. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and Yerry appeals. During the pendency of the appeal, Yerry died, and Judith Yerry, as administrator of Yerry's estate, was substituted for Yerry.
"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Sloane v Costco Wholesale Corp., 49 AD3d 522, 523 [internal quotation marks omitted]). "'Once a defendant has actual or constructive notice of a dangerous condition, the defendant has a reasonable time to undertake remedial actions that are reasonable and appropriate under all of the circumstances'" (Generoso v Miller's Ale House, Inc., 185 AD3d 791, 792, quoting Friedman v Gannett Satellite Info. Network, 302 AD2d 491, 491-492). "The court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist" (Doize v Holiday Inn Ronkonkoma, 6 AD3d 573, 574 [internal quotation marks omitted]).
Here, viewing the evidence in the light most favorable to Yerry as the nonmovant, the defendants failed to establish, prima facie, that the accident was not the result of the defendants' failure to take appropriate remedial measures within a reasonable period of time after acquiring actual notice of a hazardous condition (see Generoso v Miller's Ale House, Inc., 185 AD3d at 792). The evidence submitted by the defendants in support of their motion demonstrated the existence of a triable issue of fact as to whether the defendants' employees made the condition "more hazardous [*2]by incomplete remedial measures" (Ruic v Roman Catholic Diocese of Rockville Ctr., 51 AD3d 1000, 1001).
Moreover, the evidence submitted by the defendants, including, inter alia, Yerry's deposition testimony, failed to establish, prima facie, that the subject condition was open and obvious and not inherently dangerous (see Rosenman v Siwiec, 196 AD3d 523, 525; Robbins v 237 Ave. X, LLC, 177 AD3d 799, 800).
Contrary to Yerry's contention, in deciding the motion, the Supreme Court properly considered the unsigned but certified transcript of the deposition of the defendants' employee (see Siyunova v 5420 Mgt. Corp., 203 AD3d 975; David v Chong Sun Lee, 106 AD3d 1044, 1045), as well as the unsigned but certified transcripts of the plaintiff's deposition (see Celestin v 40 Empire Blvd., Inc., 168 AD3d 805, 808).
Accordingly, since the defendants failed to meet their prima facie burden, the Supreme Court should have denied their motion for summary judgment dismissing the complaint without regard to the sufficiency of Yerry's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court