Darginsky v Food Parade, Inc. (2023 NY Slip Op 03222)

Darginsky v Food Parade, Inc.

2023 NY Slip Op 03222

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-07932
 (Index No. 601843/19)

[*1]Solomon Darginsky, appellant, 
v
Food Parade, Inc., et al., respondents.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Torino & Bernstein, P.C., Mineola, NY (Bruce A. Torino and Ellie S. Konstantatos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 13, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Food Parade, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Food Parade, Inc., is denied.
The plaintiff allegedly sustained injuries when he slipped and fell in the bathroom of a supermarket in Nassau County that had been recently mopped. On or about March 8, 2019, the plaintiff commenced this action against the defendants, Beechwood CBW, LLC, and Food Parade, Inc. (hereinafter Food Parade). The defendants moved for summary judgment dismissing the complaint. In an order entered October 13, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Food Parade. The plaintiff appeals.
An owner or tenant in possession of real property has a duty to maintain the property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241; Lorenzo v Garley, 190 AD3d 847). The duty to maintain its property in a reasonably safe condition "may also include the duty to warn of a dangerous condition" (Cupo v Karfunkel, 1 AD3d 48, 51).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Food Parade. The evidence submitted by the defendants in support of the motion raised triable issues of fact as to whether Food Parade provided any warning about a potentially hazardous condition in the bathroom and whether any warning that was provided adequately gave notice that there was a hazardous condition inside the bathroom (see Monroy v Lexington Operating Partners, LLC, 179 AD3d 1053, 1054; Hamilton v 3339 Park Dev. LLC, 158 AD3d 440, 441-442). Since the defendants failed to establish their [*2]prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Food Parade, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Food Parade.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court