Pouncey v New York City Tr. Auth. (2023 NY Slip Op 04142)

Pouncey v New York City Tr. Auth.

2023 NY Slip Op 04142

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07504
 (Index No. 6878/14)

[*1]Saundra Pouncey, appellant, 
v
New York City Transit Authority, respondent. Souren A. Israelyan, New York, NY, for appellant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated February 7, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the vehicle she was operating collided with a bus owned by the defendant. In the complaint, the plaintiff alleged, inter alia, that she was proceeding through an intersection with a steady green light in her favor when the bus entered the intersection against a steady red light.
The defendant moved for summary judgment dismissing the complaint on the ground that it bore no liability for the happening of the accident because the evidence demonstrated that the driver of the bus was lawfully proceeding through the intersection with a steady green light when the plaintiff entered the intersection and struck the bus. In support of the motion, the defendant submitted, among other things, a surveillance video depicting the accident, a transcript of the deposition testimony of the driver of the bus, and an affidavit from that driver.
The plaintiff opposed the motion and contended that triable issues of fact existed as to the comparative fault of the driver of the bus in failing to take reasonable care to avoid the collision. In opposition, the plaintiff submitted, among other things, an expert affidavit from an
engineer. The expert opined, inter alia, that the bus was traveling at a rate of 34 miles per hour as it approached the intersection and 31 miles per hour at the time of the impact, in excess of the posted speed limit of 30 miles per hour. The expert further opined that the driver of the bus could have avoided the collision if he had been traveling at a lower rate of speed, had seen the plaintiff's vehicle prior to entering the intersection, and had taken appropriate evasive actions.
In an order dated February 7, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident at issue (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic [*2]laws requiring them to yield to the driver with the right-of-way" (Jeong Sook Lee-Son v Doe, 170 AD3d at 974; see Vainer v DiSalvo, 79 AD3d 1023, 1024). However, a "driver who lawfully enters an intersection with a green light may still be found partially at fault for an accident if he or she fails to use reasonable care to avoid a collision with another vehicle in the intersection" (Siegel v Sweeney, 266 AD2d 200, 202; see Miles v Walsh, 195 AD3d 924). Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision, "'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Jeong Sook Lee-Son v Doe, 170 AD3d at 974, quoting Yelder v Walters, 64 AD3d 762, 764; see Sapienza v Harrison, 191 AD3d 1028, 1028; Fuertes v City of New York, 146 AD3d 936, 937).
Here, the defendant demonstrated, prima facie, its freedom from fault in the happening of the accident by submitting evidence which demonstrated that the driver of the bus was traveling with the right-of-way at the time of the accident, that the plaintiff failed to yield the right-of-way, and that the driver of the bus did not have sufficient time to react in order to avoid the collision (see Vehicle and Traffic Law § 1111; Jeong Sook Lee-Son v Doe, 170 AD3d at 974; Fuertes v City of New York, 146 AD3d at 938).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether any comparative negligence on the part of the driver of the bus was a substantial factor in the happening of the accident (see Jeong Sook Lee-Son v Doe, 170 AD3d at 974; Foley v Santucci, 135 AD3d 813, 814). In light of the video evidence and the testimony reflecting that the plaintiff unexpectedly proceeded into the intersection and struck the bus as the bus was proceeding through the intersection with the green light in its favor, the affidavit of the plaintiff's expert failed to raise a triable issue of fact as to whether the driver of the bus could have avoided the collision if he had been traveling at a slower speed or if he had seen the plaintiff's vehicle earlier (see Rohn v Aly, 167 AD3d 1054, 1054; Foley v Santucci, 135 AD3d at 814; Kakaroubas v Limberatos, 70 AD3d 781, 782).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court