Williams v Foster (2023 NY Slip Op 06773)

Williams v Foster

2023 NY Slip Op 06773

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-06407
 (Index No. 58898/20)

[*1]Roderick Williams, respondent, 
v
Heather L. Foster, appellant.

Camacho Mauro, LLP, New York, NY (Christopher Cono Mauro and Paola J. Trujillo of counsel), for appellant.
Friedman Sanchez, LLP, Brooklyn, NY (Fabien Robley of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated June 30, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action against the defendant to recover damages for personal injuries that he allegedly sustained on August 27, 2019, when the motorcycle that he was riding collided with the defendant's vehicle at an intersection in Mount Vernon. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff caused the accident by striking the defendant's vehicle as the defendant was making a left turn. In an order dated June 30, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Pouncey v New York City Tr. Auth., 219 AD3d 512). Here, the defendant established her entitlement to judgment as a matter of law by submitting, inter alia, the transcripts of the deposition testimony of the parties. According to the defendant's deposition testimony, when the vehicle she was driving was about half a block away from the intersection, traveling in the left lane, she activated her left turn signal. She slowly began to make her left turn from the left lane, and she was more than three-quarters of the way into making the left turn when the plaintiff's motorcycle struck the left rear quarter panel of her vehicle. The plaintiff testified at his deposition that he remembered seeing a white car ahead of him as he approached the intersection, but he did not remember how the accident occurred. The deposition testimony demonstrated, prima facie, that the plaintiff was negligent in striking the defendant's vehicle, which was properly making a left turn, and that the plaintiff's negligence was the sole proximate cause of the accident.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion contradicted his earlier deposition testimony and [*2]raised only a feigned issue of fact (see Kirby v Lett, 208 AD3d 1174, 1176; Singh v 180 Varick, LLC, 203 AD3d 1194, 1196). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court