Murray v Community House Hous. Dev. Fund Co., Inc. (2024 NY Slip Op 00079)

Murray v Community House Hous. Dev. Fund Co., Inc.

2024 NY Slip Op 00079

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-09751
 (Index No. 502556/17)

[*1]Gail Murray, appellant, 
v
Community House Housing Development Fund Company, Inc., et al., respondents, et al., defendant.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Miranda Slone Sklarin Verveniotis LLP, Mineola, NY (Andrew Kaufman and Laura Alto of counsel), for respondents Community House Housing Development Fund Company, Inc., and YMCA of Greater New York.
Raven & Kolbe, LLP, New York, NY (Michael T. Gleason of counsel), for respondents Metro Maintenance and Management, Inc., and Metro Group NYC.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated December 15, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendants Metro Maintenance and Management, Inc., doing business as Metro Maintenance, and Metro Group NYC and the cross-motion of the defendants Community House Housing Development Fund Company, Inc., and YMCA of Greater New York which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendants Metro Maintenance and Management, Inc., doing business as Metro Maintenance, and Metro Group NYC and the cross-motion of the defendants Community House Housing Development Fund Company, Inc., and YMCA of Greater New York which were for summary judgment dismissing the amended complaint insofar as asserted against each of them are denied.
The plaintiff allegedly was injured when she slipped and fell in the hallway of the building where she lived. The premises, a mixed-use building that included several floors of community housing, was owned and/or operated by the defendants YMCA of Greater New York and Community House Housing Development Fund Company, Inc. (hereinafter together the YMCA defendants). At relevant times, pursuant to a maintenance contract, the defendants Metro Maintenance and Management Inc., doing business as Metro Maintenance, and Metro Group NYC (hereinafter together Metro) performed certain maintenance services at the premises.
The plaintiff commenced two actions to recover damages for personal injuries, which were later consolidated. Metro moved, inter alia, for summary judgment dismissing the amended [*2]complaint insofar as asserted against them, and the YMCA defendants cross-moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against them. By order dated December 15, 2020, the Supreme Court, inter alia, granted those branches of Metro's motion and the YMCA defendants' cross-motion which were for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiff appeals.
In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, and where conflicting inferences may be drawn, the court must draw those most favorable to the nonmoving party (see Open Door Foods, LLC v Pasta Machs., Inc., 136 AD3d 1002, 1004-1005). "[S]ummary judgment is a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues" (Chiara v Town of New Castle, 126 AD3d 111, 125).
Here, Metro and the YMCA defendants failed to establish, prima facie, that the subject condition was open and obvious and not inherently dangerous given the circumstances at the time of the accident (see Yerry v Whole Food Mkt. Group, Inc., 208 AD3d 733, 734; Monroy v Lexington Operating Partners, LLC, 179 AD3d 1053, 1054). They also failed to establish, prima facie, that they satisfied any duty to warn of a potentially dangerous condition (see Zubillaga v Findlay Teller Hous. Dev. Fund Corp., 197 AD3d 428, 432; Monroy v Lexington Operating Partners, LLC, 179 AD3d at 1054).
Contrary to their contention, the YMCA defendants failed to establish, prima facie, that they could not be held liable for the allegedly negligent acts of Metro, an independent contractor. "As a general rule, a party who engages an independent contractor is not liable for the independent contractor's negligent acts. One of the exceptions to this general rule is the nondelegable duty exception, which is applicable where the party is under a duty to keep premises safe" (Blatt v L'Pogee, Inc., 112 AD3d 869, 869 [citations and internal quotation marks omitted]). The YMCA defendants did not demonstrate, prima facie, that the accident did not occur "in a place where tenants are in the habit of passing" (Bernstein v El-Mar Painting & Decorating Co., 13 NY2d 1053, 1055; see Backiel v Citibank, 299 AD2d 504, 506) or that the plaintiff was not a person protected under the nondelegable duty exception (see Blatt v L'Pogee, Inc., 112 AD3d at 869).
The parties' remaining contentions are without merit.
Since Metro and the YMCA defendants failed to meet their respective burdens of establishing their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of Metro's motion and the YMCA defendants' cross-motion which were for summary judgment dismissing the amended complaint insofar as asserted against each of them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court