Gironza v Macedonio (2024 NY Slip Op 04306)

Gironza v Macedonio

2024 NY Slip Op 04306

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2023-02726
 (Index No. 717779/18)

[*1]Freddy Gironza, et al., respondents,
v
Secundino Macedonio, et al., defendants, Fredy R. Jara Mejia, appellant.

Michael Ferro, Melville, NY (Andrew Weber of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Fredy R. Jara Mejia appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered February 10, 2023. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Fredy R. Jara Mejia for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him is granted.
The plaintiffs allegedly were injured when a motor vehicle owned by the defendant Secundino Macedonio and operated by the defendant Julian Cruz Arce came into contact with a motor vehicle operated by the defendant Phurbu Tsering, in which the plaintiffs were passengers, at an intersection in Queens. At the time of the accident, the defendant Fredy R. Jara Mejia was the operator of a motor vehicle that was stopped at a red light at the intersection and that was struck by the vehicle operated by Cruz Arce. The plaintiffs commenced this action against Macedonio, Cruz Arce, Tsering, and Jara Mejia, among others, to recover damages for personal injuries. Macedonio, Cruz Arce, and Tsering asserted cross-claims against, inter alia, Jara Mejia. Jara Mejia subsequently moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him. The Supreme Court, among other things, denied Jara Mejia's motion. Jara Mejia appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Pouncey v New York City Tr. Auth., 219 AD3d 512). In support of his motion, Jara Mejia submitted, inter alia, a transcript of his deposition testimony and transcripts of the deposition testimony of the plaintiffs, Tsering, and Cruz Arce. Contrary to the Supreme Court's determination, Jara Mejia's unsigned but certified deposition transcript was admissible, "since the transcript was submitted by the party deponent himself and, therefore, was adopted as accurate by the deponent" (David v Chong Sun Lee, 106 AD3d 1044, 1045; see Yerry v Whole Food Mkt. Group, Inc., 208 AD3d 733, 734; E.W. v City of New York, 179 AD3d 747, 748; Baptiste v Ditmas Park, LLC, 171 AD3d 1001, 1002; Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 986; Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936). In addition, while the [*2]remaining deposition transcripts were also unsigned, they were certified and their accuracy was not challenged (see Yerry v Whole Food Mkt. Group, Inc., 208 AD3d at 734; Celestin v 40 Empire Blvd., Inc., 168 AD3d 805, 808; Jung Geun Lee v Mason, 139 AD3d 807; Thomas v City of New York, 124 AD3d 872, 873; Femia v Graphic Arts Mut. Ins. Co., 100 AD3d 954, 955; Boadu v City of New York, 95 AD3d 918, 919; Rodriguez v Ryder Truck, Inc., 91 AD3d at 936). Thus, the deposition transcripts were admissible and should have been considered by the court on Jara Mejia's motion.
In addition, Jara Mejia established his prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross-claims insofar as asserted against him by submitting, inter alia, the transcript of his deposition testimony, transcripts of the deposition testimony of the plaintiffs, Tsering, and Cruz Arce, and a police accident report (see Gaeta v Carter, 6 AD3d 576, 577). The Supreme Court erred in determining that the police accident report demonstrated the existence of triable issues of fact as to Jara Mejia's alleged negligence. No triable issues of fact were raised in opposition to Jara Mejia's motion.
Accordingly, the Supreme Court should have granted Jara Mejia's motion for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against him.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court