Quinonez v Brooklyn Hosp. Ctr. (2025 NY Slip Op 01123)

Quinonez v Brooklyn Hosp. Ctr.

2025 NY Slip Op 01123

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09700
 (Index No. 522872/20)

[*1]Sandra Quinonez, respondent, 
v
Brooklyn Hospital Center, appellant.

Furman Kornfeld & Brennan LLP (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone, Nicholas Tam, and Anna Conte], of counsel), for appellant.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated August 14, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell inside a single-person bathroom on the defendant's premises. The plaintiff commenced this action against the defendant to recover damages for personal injuries. In an order dated August 14, 2023, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals.
An owner or tenant in possession of real property has a duty to maintain the property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). Here, the defendant failed to meet its initial burden as the movant. In support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of the plaintiff and that of one of the defendant's employees. Their testimony showed that, prior to the accident, the defendant's employee mopped the bathroom using a cleaning fluid. The plaintiff, who witnessed the defendant's employee mop the bathroom floor, was the first person to enter the bathroom after it was mopped. There was a dispute about whether the defendant's employee left a wet floor sign before leaving to clean another bathroom. The defendant's employee testified that the floor was still wet when he left the subject bathroom.
Accordingly, the defendant's submissions merely raised triable issues of fact as to whether the defendant created a hazardous condition (see Buestan v Tiff Real Prop., Inc., 217 AD3d 745, 745-746; Monroy v Lexington Operating Partners, LLC, 179 AD3d 1053, 1054) and adequately warned of the condition (see Darginsky v Food Parade, Inc., 217 AD3d 748; Monroy v Lexington Operating Partners, LLC, 179 AD3d at 1054). Contrary to the defendant's contention, it failed to establish, prima facie, that the plaintiff's alleged negligent conduct in entering a bathroom that had recently been mopped constituted a superseding cause of the accident (see Derdiarian v Felix Contr. [*2]Corp., 51 NY2d 308). Additionally, the defendant failed to establish, prima facie, that the plaintiff did not know what had caused her to fall. While the plaintiff testified that she did not see the condition that caused her to fall before the accident occurred, after she fell, her clothes became wet and "smelled like Clorox." "Contrary to the [defendant's] contention, this testimony does not establish that the cause of the plaintiff's fall cannot be identified without engaging in speculation" (Steele v Samaritan Found., Inc., 176 AD3d 998, 1000; see Redendo v Central Ave. Chrysler Jeep, Inc., 205 AD3d 1060, 1062; Matadin v Bank of Am. Corp., 163 AD3d 799, 800).
Since the defendant failed to meet its initial burden as the movant, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court