Elusma v Jackson (2020 NY Slip Op 04920)





Elusma v Jackson


2020 NY Slip Op 04920


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-11602
 (Index No. 606690/15)

[*1]Dyana Elusma, et al., respondents,
v
Jerry T. Jackson, et al., appellants.


Mulholland Minion Duffy Davey McNiff & Beyrer, Williston Park, NY (Stephanie E. Kass of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered September 20, 2017. The order, insofar as appealed from, denied that branch of their motion which was for summary judgment dismissing the complaint on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On February 9, 2015, the defendant Tiffany Jackson (hereinafter the defendant driver) was driving a vehicle eastbound on Northern Boulevard in Brookville when she collided with a vehicle driven by the plaintiff Dyana Elusma (hereinafter the injured plaintiff), who had been driving westbound on Northern Boulevard and was waiting to turn left onto Whitney Lane. The plaintiffs commenced this action, inter alia, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
The Supreme Court improvidently exercised its discretion in considering the plaintiffs' opposition papers, which were submitted after the return date of the motion. The plaintiffs' vague and unsubstantiated proffered excuse of law office failure did not constitute a reasonable excuse for the late service of their opposition papers (see CPLR 2214[b], [c]; Nakollofski v Kingsway Props., LLC, 157 AD3d 960, 961; Taylor Appraisals v Prokop, 99 AD3d 985, 985). Nevertheless, the court's consideration of the opposition papers is of no moment since the defendants failed to establish their prima facie entitlement to summary judgment on the issue of liability.
A driver with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield, but a driver with the right-of-way may nevertheless be found partially responsible for an accident if he or she does not use reasonable care to avoid the accident (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; Todd v Godek, 71 AD3d 872, 872). However, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Foley v Santucci, 135 AD3d 813, 814 [internal quotation marks omitted]; see Ducie v Ippolito, 95 AD3d 1067, 1067-1068).
"Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident" (Nesbitt v Gallant, 149 AD3d 763, 763). An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of [*2]proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts (see Estate of Cook v Gomez, 138 AD3d 675, 676-677).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating the absence of any material issues of fact regarding the cause of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In support of their motion, the defendants submitted, among other things, an affidavit from the defendant driver, and transcripts of the deposition testimony of the defendant driver, the injured plaintiff, and a nonparty witness, which contained conflicting versions of events regarding whether the injured plaintiff had begun to turn before the accident and in which lane the collision occurred. Given the conflicting versions of events, it is for the trier of fact to evaluate the credibility of the witnesses and determine what happened (see Gray v Air Excel Serv. Corp., 171 AD3d 1026, 1028). Since there are material issues of fact regarding the accident, it cannot be determined as a matter of law whether the defendant driver was not at fault for the accident (see Nesbitt v Gallant, 149 AD3d at 763; Estate of Cook v Gomez, 138 AD3d at 676-677). Thus, the defendants failed to meet their initial burden demonstrating the absence of material issues of fact regarding the cause of the accident, and their motion should have been denied, regardless of the sufficiency of the plaintiffs' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d at 324). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment dismissing the complaint on the issue of liability without regard to the plaintiffs' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendants' remaining contention.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court