Kirby v Lett (2022 NY Slip Op 05159)

Kirby v Lett

2022 NY Slip Op 05159

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2021-01428
 (Index No. 515848/15)

[*1]Crystal Kirby, etc., et al., respondents,
v
Lucy Lett, et al., appellants.

Cheven, Keely & Hatzis, New York, NY (Thomas A. Torto and Jason Levine of counsel), for appellants.
Shakhnevich Law Group, P.C., Brooklyn, NY (Steven Shakhnevich of counsel), for respondent Crystal Kirby.
Law Office of Peter Briskin, P.C., New York, NY, for respondent Cayden Kirby.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lillian Wan, J.), dated December 2, 2020. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On October 19, 2014, a vehicle owned and operated by the plaintiff Crystal Kirby collided with a vehicle owned by the defendant Hyacinth Lett and operated by the defendant Lucy Lett at an intersection in Brooklyn. The plaintiff Cayden Kirby, Crystal's minor son, was a passenger in Crystal's vehicle. The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained in the accident. The defendants moved for summary judgment dismissing the complaint. In an order dated December 2, 2020, the Supreme Court, inter alia, denied the defendants' motion, and the defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Sage v Taylor, 195 AD3d 971, 972). "An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Elusma v Jackson, 186 AD3d 1326, 1328).
"A driver who enters an intersection against a red traffic light in violation of Vehicle and Traffic Law § 1110(a) is negligent as a matter of law" (Wynter v City of New York, 173 AD3d 1122, 1123). "The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951; see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127), but "'a driver traveling with the right-of-way may [*2]nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident'" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1122, quoting Arias v Tiao, 123 AD3d 857, 858; see Fergile v Payne, 202 AD3d 928, 930). Nevertheless, "'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Elusma v Jackson, 186 AD3d at 1327, quoting Foley v Santucci, 135 AD3d 813, 814).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting transcripts of the parties' deposition testimony, which demonstrated that Lucy was proceeding through the intersection with a green traffic light when Crystal entered the intersection against a red traffic light, and that Crystal's conduct was the sole proximate cause of the accident (see Napolitano v Sanderson, 167 AD3d 1024, 1025; Joaquin v Franco, 116 AD3d 1009, 1009-1010). Lucy, who had the right-of-way, was entitled to assume that Crystal would obey the traffic law requiring Crystal to yield, and the defendants demonstrated, prima facie, that Lucy was not negligent for failing to avoid the collision since she had only one second to react to Crystal's vehicle (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; Foley v Santucci, 135 AD3d at 814; Joaquin v Franco, 116 AD3d at 1010).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' affidavits submitted in opposition to the motion contradicted their earlier deposition testimony and raised only a feigned issue of fact (see Singh v 180 Varick, LLC, 203 AD3d 1194, 1196; Fonck v City of New York, 198 AD3d 874, 876; Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364-1365). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court