Angelillo v Guerin (2023 NY Slip Op 04182)

Angelillo v Guerin

2023 NY Slip Op 04182

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-06879
 (Index No. 490/18)

[*1]Nicholas Angelillo, appellant, 
v
Adam T. Guerin, et al., defendants, Robert W. Byrnes, et al., respondents.

Alan J. Stern, P.C. (Lisa M. Comeau, Garden City, NY, of counsel), for appellant.
Eric D. Feldman, Melville, NY (Scott W. Driver of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered August 7, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendants Robert W. Byrnes and Timothy Byrnes which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 4, 2015, a vehicle owned by the defendant Cecilia Katz-Guerin and operated by the defendant Adam T. Guerin (hereinafter Adam, and together with Cecilia Katz-Guerin, the Guerin defendants) collided with a vehicle owned by the defendant Timothy Byrnes and operated by the defendant Robert W. Byrnes (hereinafter Robert, and together with Timothy Byrnes, the Byrnes defendants) at the intersection of Atlantic Avenue and Grand Boulevard in Baldwin. The collision caused the Byrnes vehicle to collide with the plaintiff's vehicle, which was parked on Grand Boulevard with the plaintiff inside. The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in the accident. The Byrnes defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered August 7, 2020, the Supreme Court, among other things, granted that branch of the motion of the Byrnes defendants. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Sage v Taylor, 195 AD3d 971, 972). "An [*2]accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Elusma v Jackson, 186 AD3d 1326, 1328).
"A driver who enters an intersection against a red traffic light in violation of Vehicle and Traffic Law § 1110(a) is negligent as a matter of law" (Wynter v City of New York, 173 AD3d 1122, 1123). "The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951; see Mu- Jin Chen v Cardenia, 138 AD3d 1126, 1127), but "'a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident'" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1122, quoting Arias v Tiao, 123 AD3d 857, 858; see Fergile v Payne, 202 AD3d 928, 930). However, "'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Elusma v Jackson, 186 AD3d at 1327, quoting Foley v Santucci, 135 AD3d 813, 814).
Here, the Byrnes defendants established their prima facie entitlement to judgment as a matter of law by submitting transcripts of the parties' deposition testimony, which demonstrated that Robert proceeded through the intersection with a green traffic light and had the right-of-way, and that Adam's conduct was the sole proximate cause of the accident (see Kirby v Lett, 208 AD3d 1174, 1175; Joaquin v Franco, 116 AD3d 1009, 1009-1010). Robert, who had the right-of-way, was entitled to assume that Adam would obey the traffic law requiring him to yield. The papers submitted in opposition failed to raise a triable issue of fact as to any alleged comparative negligence of Robert (see Lanicci v Hansen, 153 AD3d 687, 688; Foley v Santucci, 135 AD3d at 814). The plaintiff's contentions that Robert could have avoided the accident, or that he was otherwise negligent in the operation of his vehicle, were speculative and unsupported by the record (see Cruz v DiSalvo, 188 AD3d 986, 987; Foley v Santucci, 135 AD3d at 814). Accordingly, the Supreme Court properly granted that branch of the motion of the Byrnes defendants which was for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court