Smith v Trail (2023 NY Slip Op 06070)

Smith v Trail

2023 NY Slip Op 06070

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-08810
 (Index No. 725023/21)

[*1]Lorna Y. J. Smith, respondent, 
v
George A. Trail, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Gregory Spektor & Associates, P.C., Rosedale, NY (Michael M. Szechter of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered October 4, 2022. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when the vehicle that she was operating collided with a vehicle operated by the defendant. On May 6, 2021, between 11:00 a.m. and 12:00 p.m., the plaintiff's vehicle collided with the defendant's vehicle at the intersection of Springfield Boulevard and Eastgate Plaza in Queens. Prior to the accident, the plaintiff was traveling north on Springfield Boulevard, and the defendant was traveling south on Springfield Boulevard. The collision occurred as the plaintiff was making a left turn onto Eastgate Plaza.
The defendant moved for summary judgment dismissing the complaint on the ground that he had the right-of-way. In support of the motion, the defendant submitted, among other things, transcripts of his deposition testimony and that of the plaintiff. The defendant testified at his deposition that he was traveling in the left southbound lane of Springfield Boulevard, and he stopped at a red light at the intersection of Springfield Boulevard and Eastgate Plaza. When the light changed to green, the defendant began to move forward. Two or three seconds later, the impact occurred.
The plaintiff testified at her deposition that she was traveling in the left turning lane. As she approached the intersection, the traffic light was green. The plaintiff brought her vehicle to a stop before she made the turn, and the left turn indicator on her vehicle was activated. The plaintiff did not see any oncoming vehicles, and she began to make her turn. When she first saw the defendant's vehicle, she had already begun her turn, and the defendant's vehicle was a blur 10 to 20 feet away. The front passenger side of the plaintiff's vehicle was struck by the defendant's vehicle.
The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint on the ground, inter alia, that there was an issue of fact as to whether the defendant should have taken evasive action to avoid the accident. The defendant appeals.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident at issue (see Lemanowicz v Zhenneng Wu, 208 AD3d 1179, 1180; Boulos v Lerner-Harrington, 124 AD3d 709). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way" (Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974; see Higgins v Stelmach, 208 AD3d 1165, 1166; Seizeme v Levy, 208 AD3d 809, 810). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [citations omitted]; see Dominguez v Algieri, 208 AD3d 753, 755; Sapienza v Harrison, 191 AD3d 1028, 1029; Fuertes v City of New York, 146 AD3d 936, 937).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he had the right-of-way, the plaintiff failed to yield the right-of-way, and the defendant did not have sufficient time to react in order to avoid the collision (see Marangoudakis v Suniar, 208 AD3d 1233; Whitehead v David Rosen Bakery Supplies, Inc., 208 AD3d 533, 534). The defendant, as the driver with the right-of-way, was entitled to anticipate that the plaintiff would obey the traffic laws which required her to yield (see Ming-Fai Jon v Wager, 165 AD3d 1253, 1254; Shashaty v Gavitt, 158 AD3d 830, 831-832). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court