Hernandez-Martinez v Shiao S. Wang (2023 NY Slip Op 06126)

Hernandez-Martinez v Shiao S. Wang

2023 NY Slip Op 06126

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-06005
 (Index No. 715281/20)

[*1]Lucero Hernandez-Martinez, plaintiff-respondent,
v
Shiao S. Wang, defendant-respondent, Acela Hernandez, et al., appellants.

Law Offices of Michael Ferro & Associates, Melville, NY (Jill Dabrowski of counsel), for appellants.
Kelly, Rode & Kelly, LLP, Mineola, NY (Gary A. Troisi of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Acela Hernandez and Emilia Hernandez appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated July 9, 2021. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Acela Hernandez and Emilia Hernandez for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
The plaintiff was a passenger in a car operated by the defendant Acela Hernandez and owned by the defendant Emilia Hernandez (hereinafter together the Hernandez defendants) when it was involved in a collision with a vehicle allegedly owned by the defendant Shiao S. Wang, which left the scene. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in the accident. Wang, in his answer to the complaint, asserted cross-claims against the Hernandez defendants seeking indemnification and contribution. The Hernandez defendants subsequently moved for summary judgment dismissing the complaint and the cross-claims insofar as asserted against them. By order dated July 9, 2021, the Supreme Court denied the motion. The Hernandez defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Kirby v Lett, 208 AD3d 1174, 1175). "The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951; see Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1127). While "a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Arias v Tiao, 123 AD3d 857, 858), such a driver who "has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Elusma v Jackson, 186 AD3d 1326, 1327 [internal quotation marks omitted]; see Foley [*2]v Santucci, 135 AD3d 813, 814).
Here, the Hernandez defendants met their prima facie burden on their motion. The Hernandez defendants submitted the affidavit of Acela Hernandez, who averred that she entered an intersection with a green light, and when she was in the middle of the intersection, a silver sedan traveling on the opposing roadway then controlled by a red light, entered the intersection against the red light. Acela asserted that she slammed on the brakes when she saw this car enter the intersection, but that the front driver's side door of the sedan struck the front passenger bumper of her car. The Hernandez defendants also submitted an affidavit from the plaintiff, in which she averred that while she could not see the color of the traffic light from the rear passenger seat, she saw that the traffic in front of the Hernandez vehicle had entered the intersection and that the Hernandez vehicle was proceeding along with the flow of traffic. The plaintiff averred that after the Hernandez vehicle entered the intersection, "all of a sudden," another car collided with them. This evidence demonstrated, prima facie, that the driver of the sedan was the sole proximate cause of the accident and that the Hernandez defendants were not at fault (see Kirby v Lett, 208 AD3d at 1175-1176).
In opposition, no triable issues of fact were raised as to the alleged negligence of the Hernandez defendants. Therefore, the Supreme Court should have granted those defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
Wang's remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court