Degachi v Faridi (2024 NY Slip Op 04241)

Degachi v Faridi

2024 NY Slip Op 04241

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2023-07394
 (Index No. 516623/17)

[*1]Mondher Degachi, appellant, 
v
Bakibillah MD Faridi, respondent.

Wade T. Morris, Brooklyn, NY (Allen Yi of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated June 8, 2023. The order denied the plaintiff's motion to preclude the defendant from offering testimony or evidence and for summary judgment on the issue of liability.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle he was operating collided with a vehicle operated by the defendant at or near the intersection of North Moore Street and Greenwich Street in Manhattan. In 2019, the plaintiff and the defendant each testified at depositions. By order dated July 13, 2022, the Supreme Court, inter alia, directed the defendant to appear for an additional deposition by August 22, 2022, or be precluded from offering testimony or evidence in response to any dispositive motion on the issue of liability upon a further motion pursuant to CPLR 3126(2) for such relief. In February 2023, the plaintiff moved to preclude the defendant from offering testimony or evidence on the basis of the July 13, 2022 order and for summary judgment on the issue of liability. By order dated June 8, 2023, the court denied the plaintiff's motion. The plaintiff appeals.
Here, contrary to the plaintiff's contention, the July 13, 2022 order was not self-executing, but instead specifically required an additional motion pursuant to CPLR 3126(2). Moreover, "[p]ursuant to 22 NYCRR 202.7(a) and (c), a motion relating to disclosure must be accompanied by an affirmation from moving counsel attesting to a good faith effort to resolve the issues raised in the motion, including the time, place, and nature of the consultation as well as the issues discussed" (Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641). Here, the plaintiff failed to submit an affirmation of good faith in support of his motion. Therefore, the Supreme Court properly denied that branch of the plaintiff's motion which was to preclude the defendant from offering testimony or evidence (see id.; Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 844; Bronstein v Charm City Hous., LLC, 175 AD3d 454, 455).
"A driver who enters an intersection against a red traffic light in violation of Vehicle and Traffic Law § 1110(a) is negligent as a matter of law" (Angelillo v Guerin, 219 AD3d 556, 557 [internal quotation marks omitted]; see Duvalsaint v Yupe-Garcia, 169 AD3d 864, 864-865; Joaquin v Franco, 116 AD3d 1009, 1009-1010). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting a transcript of his deposition testimony, which [*2]demonstrated that he proceeded through the intersection with a green traffic light and that the defendant's conduct was the sole proximate cause of the accident, as the defendant entered the intersection against a red traffic light. In opposition, however, the defendant raised a triable issue of fact by submitting a transcript of his deposition testimony, wherein he averred that when he entered the intersection, the traffic light was green in his favor, and further averred that he stopped fully before the plaintiff's vehicle struck the defendant's vehicle (see Amancio-Gonzalez v Medina, 223 AD3d 861, 861; see also Brodney v Picinic, 172 AD3d 673, 674). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court