Graves v Scott (2024 NY Slip Op 04948)

Graves v Scott

2024 NY Slip Op 04948

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-00934
 (Index No. 600027/21)

[*1]Shawarbi Graves, appellant,
v
Reginald Scott, et al., defendants, Paul Edward Destocki, et al., respondents.

Dominick W. Lavelle (Law Office of Thomas R. Villecco, P.C., Jericho, NY, of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska, Timothy J. Layer, and Kevin Murtagh of counsel), for respondents.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for defendants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered December 13, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Paul Edward Destocki and PNH Intercontinental Corp. which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2021, the plaintiff commenced this action against the owner and the driver of a taxicab, Centro America Corp. and Reginald Scott, respectively (hereinafter together the taxicab defendants), and the owner and the driver of a van, PNH Intercontinental Corp. and Paul Edward Destocki, respectively (hereinafter together the van defendants), to recover damages for personal injuries the plaintiff allegedly sustained in August 2020 when the taxicab, in which he was a passenger, collided with the van. The taxicab defendants answered the complaint, denied the allegations, and asserted a cross-claim against the van defendants. The van defendants answered the complaint, denied the allegations, and asserted a cross-claim against the taxicab defendants.
Thereafter, the van defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, on the ground that the evidence established that they were not negligent. The plaintiff opposed the motion. In an order entered December 13, 2022, the Supreme Court, among other things, granted that branch of the van defendants' motion. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Angelillo v Guerin, 219 AD3d 556, 557, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; [*2]see Hernandez-Martinez v Wang, 221 AD3d 977, 978). "'Although a driver with [the] right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision'" (Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612, quoting Yelder v Walters, 64 AD3d 762, 764; see Hernandez-Martinez v Wang, 221 AD3d at 978).
Here, the van defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting transcripts of the deposition testimony of the plaintiff and of Scott, which established that Scott failed to yield the right of way by driving through a red light in violation of Vehicle and Traffic Law § 1110(a) immediately before the accident occurred and that the van driver was not at fault in the happening of the accident (see Angelillo v Guerin, 219 AD3d at 557-558; Kirby v Lett, 208 AD3d 1174, 1175-1176).
In opposition, the plaintiff failed to raise a triable issue of fact. The contentions that the van driver could have avoided the accident or that he was otherwise negligent were speculative and unsupported by the record.
Accordingly, the Supreme Court properly granted that branch of the motion of the van defendants' which was for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court