Morante v Blaney (2025 NY Slip Op 00086)

Morante v Blaney

2025 NY Slip Op 00086

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08498
 (Index No. 702005/20)

[*1]Claudia Morante, respondent,
v
Thomas E. Blaney, Jr., appellant.

John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Sacco & Fillas, LLP, Astoria, NY (Alex Diaz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 19, 2022. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that he was not liable for the plaintiff's injuries.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that he was not liable for the plaintiff's injuries is granted.
In February 2020, the plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained in October 2019 when a motor vehicle she was operating was involved in a collision with a motor vehicle owned and operated by the defendant. The plaintiff alleged, among other things, that the collision occurred on Merrick Road at its intersection with Bayview Avenue in Wantagh, which is controlled by a traffic light.
In September 2021, the defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that he was not liable for the plaintiff's injuries. According to the defendant, on the date at issue, he was driving eastbound on Merrick Road with a green light in his favor when the plaintiff, traveling westbound, made a left turn onto Bayview Avenue directly into the defendant's path of travel, resulting in the collision. The plaintiff opposed the motion. By order entered September 19, 2022, the Supreme Court, among other things, denied that branch of the defendant's motion.
A "[d]efendant[ ] moving for summary judgment in a negligence action arising out of an automobile accident ha[s] the burden of establishing, prima facie, that [he or she was] not at fault in the happening of the accident, or that the alleged negligence of another person was the sole proximate cause [thereof]" (Woods v Burgos, 220 AD3d 688, 689 [citations and internal quotation marks omitted]; see Schmitz v Pinto, 220 AD3d 681, 681). If the defendant makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the plaintiff to raise a [*2]triable issue of fact (see Sanchez v Ageless Chimney, Inc., 219 AD3d 767, 767; Galagotis v Armenti, 133 AD3d 818, 819).
"A violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Beityaaghoob v Klein, 216 AD3d 724, 725 [alterations and internal quotation marks omitted]). "Vehicle and Traffic Law § 1141 provides that the driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard. Further, Vehicle and Traffic Law § 1163(a) provides that no person shall turn a vehicle at an intersection . . . until such movement can be made with reasonable safety" (Saviano v TT of Massapequa, Inc., 223 AD3d 851, 852 [alterations, citation, and internal quotation marks omitted]; see Sapienza v Harrison, 191 AD3d 1028, 1029). "Although a driver with the right-of-way is entitled to anticipate that the other driver will obey the traffic laws requiring him or her to yield, a driver is bound to see what is there to be seen through the proper use of his or her senses and is negligent for failure to do so" (Hurst v Belomme, 142 AD3d 642, 642-643 [citations omitted]; see Smith v Trail, 221 AD3d 928, 929). However, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Giwa v Bloom, 154 AD3d 921, 922 [internal quotation marks omitted]; see Higgins v Stelmach, 208 AD3d 1165, 1167).
Here, the defendant established, prima facie, that he was free from fault in the happening of the accident and that the plaintiff's conduct, which constituted negligence per se, was the sole proximate cause thereof (see Smith v Trail, 221 AD3d at 929-930; Giwa v Bloom, 154 AD3d at 922-923). In support of his motion, the defendant submitted, inter alia, a transcript of his deposition testimony and a transcript of the plaintiff's deposition testimony. The defendant's testimony "demonstrat[ed] that he had the right-of-way, the plaintiff failed to yield the right-of-way, and the defendant did not have sufficient time to react in order to avoid the collision" (Smith v Trail, 221 AD3d at 930; see Sapienza v Harrison, 191 AD3d at 1030). Since he had the right-of-way, the defendant "was entitled to anticipate that the plaintiff would obey the traffic laws which required her to yield" (Smith v Trail, 221 AD3d at 930; see Giwa v Bloom, 154 AD3d at 922).
Contrary to the plaintiff's contention, her deposition testimony did not conflict with that of the defendant as to any material issues concerning the circumstances of the accident. For example, the plaintiff's contention that the defendant was operating his vehicle at an excessive speed "is speculative and unsupported by any competent evidence" (Hou-Ching Chou v Wong, 34 AD3d 642, 643). The defendant testified at his deposition that he was driving below the speed limit, and the plaintiff admitted during her deposition that she did not see the defendant's vehicle prior to the collision (see Pivetz v Brusco, 145 AD3d 806, 808; Lilaj v Ferentinos, 126 AD3d 947, 948). Although evidence regarding the force of a collision or the manner in which a vehicle moved as a result thereof may be sufficient to create an inference that a driver was speeding in some circumstances (see Chang-Hoon Lee v Kew Gardens Sung Shin Refm. Church of New York, 84 AD3d 1299, 1299-1300), the plaintiff's deposition testimony was not sufficient to create such an inference (see Johnson v Time Warner Entertainment, 115 AD3d 1295, 1296). Further, the plaintiff's "contention[ ] that [the defendant] could have avoided the accident . . . w[as] speculative and unsupported by the record" (Lopresti v Estate of Galante, 221 AD3d 798, 800). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Soto v Colletta, 225 AD3d 819, 820; Singleton v Summus, 219 AD3d 1366, 1368).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that he was not liable for the plaintiff's injuries.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court