Kelly v Pedersen (2025 NY Slip Op 04712)

Kelly v Pedersen

2025 NY Slip Op 04712

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-09626
 (Index No. 607321/21)

[*1]Lawrence Kelly, appellant,
v
Erik Pedersen, et al., respondents (and a third-party action).

Lawrence Kelly, Bayport, NY, appellant pro se.
McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Jericho, NY (Patrick M. Murphy of counsel), for respondent Erik Pedersen.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated May 31, 2024. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2021, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in October 2018 when a motor vehicle operated by the defendant Erik Pedersen and owned by the defendant S. F. Signorelli collided with a motor vehicle operated by the third-party defendant, Nancy Kelly, in which the plaintiff was a passenger. The defendants moved, inter alia, for summary judgment dismissing the complaint on the ground that they were not liable for the plaintiff's injuries. In an order dated May 31, 2024, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
"'Defendants moving for summary judgment in a negligence action arising out of an automobile accident have the burden of establishing, prima facie, that they were not at fault in the happening of the accident'" (Woods v Burgos, 220 AD3d 688, 689, quoting Nesbitt v Gallant, 149 AD3d 763, 763; see Morante v Blaney, 234 AD3d 679, 680; Lancer Ins. Co. v Cortes, 208 AD3d 1176, 1178). "An accident can have more than one proximate cause, and although it is generally for the trier of fact to determine the issue of proximate cause, it may be decided as a matter of law where only one conclusion may be drawn from the established facts" (Kirby v Lett, 208 AD3d 1174, 1175 [internal quotation marks omitted]; see Qureshi v Gleason, 231 AD3d 878, 879).
"A driver who enters an intersection against a red traffic light in violation of Vehicle and Traffic Law § 1110(a) is negligent as a matter of law" (Degachi v Faridi, 230 AD3d 634, 635 [internal quotation marks omitted]; see Kirby v Lett, 208 AD3d at 1175). "The operator of a vehicle with the right-of-way is entitled to assume that others will obey the traffic laws requiring them to yield" (Pei Ru Guo v Efkarpidis, 185 AD3d 949, 951; see Angelillo v Guerin, 219 AD3d 556, 557), but "a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1122 [internal quotation marks omitted]; see Ibas v Peralta, 237 AD3d 680, 681-682). "However, a driver with the right-of-way who has only seconds to react to a [*2]vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Morante v Blaney, 234 AD3d at 681 [internal quotation marks omitted]; see Angelillo v Guerin, 219 AD3d at 557; Kirby v Lett, 208 AD3d at 1175).
Here, the defendants established, prima facie, that Pedersen was free from fault in the happening of the accident and that the third-party defendant's conduct, which constituted negligence per se, was the sole proximate cause of the accident. In support of their motion, the defendants submitted, inter alia, transcripts of the parties' deposition testimony, which demonstrated that Pedersen had the right-of-way, the third-party defendant failed to yield the right-of-way, having disregarded a red traffic signal, and Pedersen did not have sufficient time to react in order to avoid the accident (see Morante v Blaney, 234 AD3d at 682; Smith v Trail, 221 AD3d 928, 930; Sapienza v Harrison, 191 AD3d 1028, 1030). Since he had the right-of-way, Pedersen was entitled to anticipate that the third-party defendant would obey the traffic laws which required her to yield (see Smith v Trail, 221 AD3d at 930; Giwa v Bloom, 154 AD3d 921, 922).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that Pedersen was operating his vehicle at an excessive rate of speed was unsupported by any competent evidence, as the expert report relied upon by the plaintiff was conclusory and speculative (see Hayes v County of Suffolk, 222 AD3d 950, 953; Leicht v City of N.Y. Dept. of Sanitation, 131 AD3d 515, 516). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court