Dawson v Ross

2026 NY Slip Op 02821

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Daymond Dawson, appellant,

v

Walter J. Ross, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-07296, (Index No. 703704/22)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Krentsel Guzman Herbert, LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn, Andrew J. Fisher, and Ross Friscia], of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Martin K. Rowe III of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 10, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendants Walter J. Ross and City of New York which was for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross-motion to preclude those defendants from offering an audio recording of a statement made by the defendant Heriberto Cruz in support of their motion and at trial.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a passenger in a sanitation truck operated by the defendant Walter J. Ross and owned by the defendant City of New York (hereinafter together the City defendants) when it collided with a taxi operated by the defendant Heriberto Cruz at the intersection of South Conduit Avenue and 150th Street, in Queens. The sanitation truck was traveling on South Conduit Avenue, which was a one-way street, the taxi was traveling on 150th Avenue, which was a two-way street, and a traffic light governed the intersection.

The plaintiff commenced this action against, among others, the City defendants to recover damages for personal injuries. The City defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that Cruz was solely at fault in causing the accident. In support of their motion, the City defendants submitted, among other things, an audio recording of Cruz's statement, made at the accident scene, in which Cruz admitted that he entered the intersection against the red traffic light. The plaintiff cross-moved to preclude the City defendants from offering this audio recording in support of their motion and at trial. In an order entered July 10, 2024, the Supreme Court, inter alia, granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross-motion. The plaintiff appeals.

"Defendants moving for summary judgment in a personal injury action must demonstrate, prima facie, that they did not proximately cause the plaintiff's injuries" (Fargione v [*2]Chance, 154 AD3d 713, 714; see Valdez v MTA Bus Co., 210 AD3d 821). "Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law" (Wilson v Mazewski, 175 AD3d 1352, 1353; see Kelly v Pedersen, 241AD3d 804).

Here, even without the audio recording of Cruz's statement, the City defendants met their initial burden as the movants in support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them. The transcript of Cruz's deposition testimony and the transcripts of the plaintiff's 50-h hearing testimony and deposition testimony established, prima facie, that Ross entered the intersection with a green traffic light and had the right-of-way and that Cruz's conduct was the sole proximate cause of the accident (see Kelly v Pedersen, 241 AD3d 804; Angelill v Guerin, 219 AD3d 556, 558; Kirby v Lett, 208 AD3d 1174). In opposition, the plaintiff failed to raise a triable issue of fact.

Moreover, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying his cross-motion.

Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them and denied the plaintiff's cross-motion.

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court